IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CANDACE SEARCY,  )  <br> Plaintiff, ) <br> vs. ) <br> ) <br> SAMUOEL SAMY, ) <br> Defendant. ) | <br><br>No. 3:23-CV-00863-K-BH<br><br><br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, this case should be dismissed for lack of subject matter jurisdiction.

### I.  BACKGROUND

By complaint filed on April 24, 2023, Candace Searcy (Plaintiff) sought to stop her landlord from forcing her to vacate her residence prior to the expiration of her lease in July 2023.  (*See* doc. 3.)[2]  Her amended complaint alleges jurisdiction based on federal question, but it only alleges violation of the Texas Property Code.  (*See* doc. 7 at 3.)  Plaintiff seeks to be given until May 30, 2023, to make late rent payments, "to stop forcible entry and detainer", and to be allowed to stay in her residence until her lease is up in July.  (*Id.* at 4.)

### II.  JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction". *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

---

[1]  By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management.

[2]  Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

Courts have "a continuing obligation to examine the basis for jurisdiction" and may *sua sponte* raise the issue at any time. *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). The party seeking the federal forum has the burden of establishing federal jurisdiction. *Howery*, 243 F.3d at 916. Fed. R. Civ. P. 12(h)(3) requires dismissal of a case if a federal court determines that it lacks subject-matter jurisdiction.

Here, Plaintiff's claims expressly arise solely under state law. She neither identifies nor asserts any federal causes of action against the defendant, nor makes any allegation to support any federal cause of action against him. Federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332.

Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a). Complete diversity "does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978) (emphasis in the original). As the party seeking to invoke federal jurisdiction in this case, Plaintiff has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991).

Plaintiff does not allege that the defendant is a citizen of another state; she identifies his county of residence as Tarrant County, Texas, where she also resides. (*See* doc. 3 at 3; doc. 7 at 2.) She has therefore not met her burden to show that complete diversity exists between the parties, and her state law claims are subject to dismissal on this basis. *See Dupre v. University Healthcare Sys. L.C.,* 273 F.3d 1103 (5th Cir. 2001) (dismissing suit for lack of subject-matter jurisdiction where all

2


parties were residents of same state). Plaintiff has also failed to allege that the amount in controversy exceeds the jurisdictional limit for purposes of diversity jurisdiction. Her claims are therefore also subject to dismissal for lack of subject matter jurisdiction on this basis.

### III. RECOMMENDATION

Plaintiff's claims should be **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

**SO RECOMMENDED** on this 5th day of May, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE