**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **CANDACE SEARCY,** )<br>    Plaintiff, )<br>vs. ) No. 3:23-CV-00863-K-BH<br> )<br>**SAMUOEL SAMY,** )<br>    Defendant. ) Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the Motion[s] to Reopen Case, filed on September 14, 2023 (docs. 26,27), should be liberally construed as seeking relief under Fed. R. Civ. P. 60(b) and **DENIED**.

**I.  BACKGROUND**

By complaint filed on April 24, 2023, Candace Searcy (Plaintiff) sought to stop her landlord from forcing her to vacate her residence prior to the expiration of her lease in July 2023. (*See* doc. 3.)[2] She sought to be given until May 30, 2023, to make late rent payments, "to stop forcible entry and detainer", and to be allowed to stay in her residence until her lease was up in July 2023. (*Id.* at 4.) Her amended complaint alleged federal question jurisdiction but only asserted claims under the Texas Property Code. (*See* doc. 7 at 3.)  By judgment entered on May 25, 2023, the case was dismissed for lack of subject matter jurisdiction. (*See* docs. 12, 17, 18.) The United States Court of Appeals for the Fifth Circuit affirmed the dismissal, and the mandate issued on September 13, 2023. (*See* docs. 24, 25.) The next day, Plaintiff moved to reopen her case to assert claims for breach of contract, and she seeks to enjoin her eviction. (*See* docs. 26, 27.)

---

[1] By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management.

[2]   Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II.  RULE 60(b)

Plaintiff's requests to reopen this case may be liberally construed as seeking relief under Federal Rule of Civil Procedure 60(b).  *See Smith v. Texas Dep't of Criminal Justice, Institutional Div.* 79 F. App'x 61, 62, (5th Cir. 2003).

Rule 60(b) provides that upon such a motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. Proc. 60(b)(1)-(6).

With respect to the federal judgment dismissing her case, Plaintiff's motions do not allege mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; a void judgment; that the judgment has been satisfied, released, or discharged, or is based on an earlier judgment that has been reversed or vacated; or that applying the judgment prospectively is no longer equitable.  They may therefore be construed as arising under the "catch-all" clause of Rule 60(b)(6).  *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). Rule 60(b)(6) is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)).  Motions under this clause "will be granted only if extraordinary circumstances are present."  *Hess*, 281 F.3d at 216; *Wooten v.*

*McDonald Transit Assocs., Inc.*, 788 F.3d 490, 501 (5th Cir. 2015).

Plaintiff again seeks to stop her eviction and to assert additional state law claims, and she complains of the results of recent state court proceedings. Significantly, she has still not established that jurisdiction exists in this court over her state law claims, so she has not demonstrated extraordinary circumstances that warrant relief under Rule 60(b)(6).

### III. RECOMMENDATION

Plaintiff's motions to reopen her case should be liberally construed as seeking relief under Fed. R. Civ. P. 60(b) and **DENIED**.

**SO RECOMMENDED** on this 15th day of September, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE